17-1772
Kommer v. Bayer Consumer Health

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st of January, two thousand eighteen.

PRESENT:
DENNIS JACOBS,
PETER W. HALL,
CHRISTOPHER F. DRONEY,
    Circuit Judges.
_____

JAMES KOMMER, on behalf of himself
and all others similarly situated,
    Plaintiff-Appellant,

    -v.-                                        17-1772

BAYER CONSUMER HEALTH, a division
of Bayer AG, MSD CONSUMER CARE,
INC., BAYER CONSUMER CARE HOLDINGS
LLC, BAYER HEALTHCARE LLC, BAYER
CORPORATION,
    Defendants-Appellees.

_____

**FOR PLAINTIFF-APPELLANT:** ROBERT J. BERG (with Jeffrey I. Carton on the brief), Denlea & Carton LLP, White Plains, NY.

**FOR DEFENDANTS-APPELLEES:** EUGENE A. SCHOON (with James D. Arden on the brief), Sidley Austin LLP, New York, NY and Chicago, IL.

Appeal from a judgment of the United States District Court for the Southern District of New York (Batts, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

James Kommer brought this putative class action in the United States District Court for the Southern District of New York (Batts, J.), alleging that the defendants' marketing of their product, "Dr. Scholl's Custom Fit Orthotic Inserts," constitutes a deceptive business practice and false advertising under New York General Business Law ("GBL") §§ 349 and 350. In essence, the complaint alleges that Kommer and other consumers were led to believe incorrectly that the orthotics--which they purchased in prepackaged sizes, over-the-counter at retail stores such as Walmart--were "custom fit" in the sense that they were "individually designed for each [consumer's specific] feet." App'x at 12. On motion of the defendants, the district court dismissed the request for injunctive relief for lack of Article III standing, and the balance of the complaint for failure to state a claim. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.** Kommer challenges the district court's determination that he lacks Article III standing to seek injunctive relief on behalf of himself and the putative class. See U.S. Const. art. III, § 2. We review that determination de novo. See Nicosia v. Amazon.com, Inc., 834 F.3d 220, 238 (2d Cir. 2016).

"A plaintiff seeking to represent a class must personally have standing" to pursue "each form of relief sought." Id. at 239. A plaintiff "lack[s] standing to pursue injunctive relief [if he is] unable to establish a 'real or immediate threat' of

2

injury." Id. (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 111-12 (1983)). "[P]ast injuries . . . [therefore] do not confer standing to seek injunctive relief unless the plaintiff can demonstrate that []he is likely to be harmed again in the future in a similar way." Id.

Kommer fails to "establish a likelihood of [such] future . . . harm." Id. "Even assuming his past purchases of [Dr. Scholl's Custom Fit Orthotic Inserts] resulted in [an] injury . . . , he has not shown that he is likely to be subjected to further [injurious] sales" of that sort because he "fail[s] to allege that he intends to [purchase the offending product] in the future." Id. As he concedes, "now [that he] knows of Defendants' [alleged] deception and false advertising, . . . he is no longer likely to purchase another pair of Dr. Scholl's Custom Fit Orthotics Inserts ever again." Appellant's Br. at 54. Accordingly, he has no standing under Article III to enjoin the defendants' sales practices, and the court properly deemed him precluded from seeking that relief.

**2.** Kommer challenges the district court's determination that his complaint fails to state a claim under GBL §§ 349 and 350. See Fed. R. Civ. P. 12(b)(6). We review that determination de novo. See Nicosia, 834 F.3d at 230.

An independent review of the allegations and relevant state law confirms that the complaint fails to state a claim. This is so for substantially the reasons articulated in the district court's May 18, 2017 Memorandum and Order. See Kommer v. Bayer Consumer Health, 252 F. Supp. 3d 304, 310-13 (S.D.N.Y. 2017). In particular, the complaint fails to plausibly allege that the defendants engaged in conduct "likely to mislead a reasonable consumer acting reasonably under the circumstances," a required element of both claimed violations of the GBL. Orlander v. Staples, Inc., 802 F.3d 289, 300 (2d Cir. 2015) (quoting Cohen v. JP Morgan Chase & Co., 498 F.3d 111, 126 (2d Cir. 2007)). The court therefore properly dismissed the case.

3

We have considered Kommer's arguments and find them to be without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court